UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERREN COOK | CIVIL ACTION |
| VERSUS | NO. 17-1142 |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION "E" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff, Terren Cook, filed a complaint in this court against the Social Security Administration for review of the agency's denial of his application for disability benefits. On April 27, 2017, the presiding district judge granted the consent motion of defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security Administration (the "Commissioner"), and remanded this matter to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).[1] Record Doc. Nos. 13, 14.

Cook filed a "Motion for Fees Under the Equal Access to Justice Act Under 42 USC 405(G) and 28 USC 2412(d)." Record Doc. No. 15. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to plaintiff's motion, submitted for decision on June 14, 2017 without oral argument, has been timely submitted. Accordingly, this motion is deemed to be

---

[1] "The fourth sentence of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.'" Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991) (citing 42 U.S.C. § 405(g)).

unopposed, and, further, it appearing to the court that the motion has merit, it is recommended that plaintiff's motion be GRANTED, for the following reasons.

Cook seeks attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $1,575.00 for work done in this court. The Commissioner previously consented to remand of this case and has not opposed the requested award of $1,575.00 for 9.0 hours of attorney time at $175 per hour. The EAJA allows attorney's fees and costs to be awarded to a plaintiff who prevails in a civil action against the United States, as follows:

> Except as otherwise specifically provided by statute, a court <u>shall award to a prevailing party</u> other than the United States <u>fees and other expenses</u>, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). Plaintiff does not seek an award of costs.

Plaintiff's counsel has established by affidavit that 9.0 hours were expended in work on this matter. Record Doc. No. 15-2 at p. 2. I have reviewed counsel's affidavit detailing the tasks and time for which he seeks recovery and I find that he reasonably spent 9.0 hours.

Thus, the only issue to resolve with respect to Cook's motion is the appropriate hourly rate for the work of his attorney. The EAJA provides that

> [t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) <u>attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living</u> or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). This provision of the EAJA was amended in March 1996 to increase the statutory ceiling from the previous $75 to the current $125 per hour. Equal Access to Justice Act Amendments, Pub. L. No. 104-121, § 231(b)(1), 110 Stat 847 (1996). Defendant does not oppose the requested rate of $175 per hour.

Section 406(b) of the Social Security Act addresses "the fees that may be awarded attorneys who successfully represent Social Security benefits claimants in court. Under 42 U.S.C. § 406(b) . . . , a prevailing claimant's fees are payable <u>only out of the benefits recovered</u>; in amount, such fees may not exceed 25 percent of past-due benefits." <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 792 (2002) (emphasis added) (footnote omitted). Thus, a Social Security claimant can invoke section 406(b) only when he has obtained a favorable judgment <u>and an award of past-due benefits</u>. His attorney's fees are then payable "out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A). Under this statute, "[f]ees shifted to the losing party . . . are not at issue here. Unlike . . . [the] EAJA, 42 U.S.C. § 406(b) . . . does not authorize the prevailing party to recover fees from the losing party. Section 406(b) is of another genre: It

authorizes fees payable from the successful party's recovery." Gisbrecht, 535 U.S. at 802.

The EAJA allows the prevailing plaintiff to recover attorney's fees from the United States, the losing party, when his case is remanded to the Commissioner, if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Fees are awardable regardless whether the claimant ultimately obtains an award of past-due benefits. In the captioned case, there is no indication in the record at this time that plaintiff has obtained past-due benefits. If and when he becomes entitled to collect attorney's fees under both statutes by having obtained past-due benefits after remand, the EAJA "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." Gisbrecht, 535 U.S. at 796.

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee. Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits.

Id. (quotations and citations omitted) (ellipsis and brackets in original); see also Astrue v. Ratliff, 560 U.S. 586, 596 (2010) (citing Gisbrecht, 535 U.S. at 809; Shalala v. Schaefer, 509 U.S. 292, 295-302 (1993)) (Courts commonly award EAJA fees when a case is remanded to the Commissioner for additional proceedings "because § 406(b) fees

cannot be determined until the [Commissioner] enters a final benefits ruling."). Accordingly, at this time, plaintiff may recover attorney's fees only under the EAJA.

The controlling Fifth Circuit authority regarding the hourly rate for fees awarded under the EAJA to a prevailing Social Security plaintiff is <u>Baker v. Bowen</u>, 839 F.2d 1075 (5th Cir. 1988). Section 2412(d)(2)(A)(ii) specifically mentions cost of living as a factor that may justify an increase in the hourly rate to effectuate the purposes of the statute. <u>Id.</u> at 1083. The Fifth Circuit therefore held, "consistent with the great weight of authority, that Congress did intend to provide an allowance for a cost-of-living increase." <u>Id.</u> at 1084.

> We note, however, that while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely <u>require</u> it. Clearly, by mentioning it in the statute, Congress intended that the cost of living be seriously considered by the fee-awarding court. Except in unusual circumstances, therefore, **if there is a significant difference in the cost of living since 1981 in a particular locale that would justify an increase in the fee, then an increase should be granted**.

<u>Id.</u> (bold emphasis added).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors. These factors are market based, not individualized." <u>Yoes v. Barnhart</u>, 467 F.3d 426, 426 (5th Cir. 2006) (citing 28 U.S.C. § 2412(d)(2)(A)(ii)). "This increase should generally be automatic, except in 'unusual circumstances.' The rate need not precisely track the cost

5

of living increase for the geographical area, but instead should be calculated 'only to the extent necessary to ensure an adequate source of representation.'" Ramos v. Astrue, No. 11-1457, 2012 WL 3637868, at *2 (E.D. La. Aug. 23, 2012) (quoting Baker, 839 F.2d at 1084).

Because the EAJA was amended in March 1996 to increase the statutory ceiling from $75 to $125 per hour, the appropriate time period for which to calculate any cost-of-living increase in the instant case is from March 1996 through April 2017, the year in which plaintiff's attorney expended most of the hours working on this case. Washington v. Barnhart, 93 F. App'x 630, 631 (5th Cir. 2004); Perales v. Casillas, 950 F.2d 1066, 1076 (5th Cir. 1992); Cavin v. Astrue, No. 12-1144, 2014 WL 28864, at *2 (E.D. La. Jan. 2, 2014); Ramos, 2012 WL 3637868, at *2.

Although Cook has provided no evidence of the increase in the cost of living in the New Orleans area since March 1996, the court takes judicial notice, Fed. R. Evid. 201, of information in the Consumer Price Index, U.S. City Averages, which is published by the United States Department of Labor and is available on its website. U.S. Dep't of Labor, Bureau of Labor Statistics, http://www.bls.gov/ro5/cpiushistorical.pdf. As other judges of this court have done, I find that this information shows a significant increase in the cost of living of approximately 50 percent, which justifies an increase in the hourly rate for plaintiff's attorney's fees. See, e.g., Lasserre v. Berryhill, No. 15-

6

6934, 2017 WL 914644, at *4 (E.D. La. Feb. 16, 2017), report & recommendation adopted, 2017 WL 897841 (E.D. La. Mar. 7, 2017) (awarding $175 per hour for work performed in 2016 when the Commissioner consented to that rate); J.M. v. Soc. Sec. Admin., No. 14-79, 2015 WL 6438897, at *2 (E.D. La. Oct. 21, 2015) (accepting an hourly rate of $175 for work performed through September 2014 "for this EAJA petition and those filed in the near future"); Cavin, 2014 WL 28864, at *2 ($175 per hour for work performed through November 2012); Ramos, 2012 WL 3637868, at *2 ($160 per hour for work through May 2011); Thibodeaux v. Astrue, 914 F. Supp. 2d 789, 793 (E.D. La. 2012) ($160 through October 2011); Williams v. Astrue, 2011 WL 5417116, at *2-3 (E.D. La. Oct. 14, 2011) ($160 through May 2011); see also Montgomery v. Colvin, No. 14-3120, 2016 WL 4705730, at *3 (W.D. La. Aug. 16, 2016), report & recommendation adopted, 2016 WL 4705573 (W.D. La. Sept. 8, 2016) (Considering "prevailing market conditions, including the increase in the cost of living, as measured against the healthy community of regional and national social security practitioners willing to accept cases in this area, the court will implement an hourly rate of $175.00 per hour for this, and future EAJA petitions for services performed in 2014 and going forward" in the Western District of Louisiana.); accord Gann v. Colvin, No. 14-189-BAJ-EWD, 2017 WL 385038, at *3 (M.D. La. Jan. 27, 2017) (same in Middle District of Louisiana).

A 50 percent increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $187.50. Considering that rate and the recent awards by federal courts in Louisiana cited above, I find that awarding an hourly rate of $175, as sought by plaintiff and not opposed by defendant, for work performed on this Social Security appeal during the first five months of 2017 is reasonable in the New Orleans area legal market and accords with both congressional intent and Fifth Circuit case law regarding cost-of-living adjustments to the EAJA hourly rate.

Applying the hourly rate of $175 to the 9.0 hours of attorney time expended by plaintiff's counsel yields a fee of $1,575.00. Accordingly, plaintiff should receive an award of attorney's fees totaling $1,575.00. EAJA fees are paid directly to the claimant, not to her attorney. Jackson v. Astrue, 705 F.3d 527, 531 & n.11 (5th Cir. 2013) (citing Ratliff, 560 U.S. at 589).

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's motion for attorney's fees be GRANTED and that plaintiff be awarded $1,575.00 in reasonable attorney's fees.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this __14th__ day of June, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.